LAW LIBRARY

NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS AND PACIFIC REPORTER

NO. 29626

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
THOMAS LEE MANIJO, Defendant-Appellant, and
STEVEN RAY BIHAG, Defendant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 07-1-1276)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Defendant-Appellant Thomas Lee Manijo (Manijo) appeals from the January 7, 2009 Judgment of Conviction and Sentence entered in the Circuit Court of the First Circuit (circuit court).[1/]

A jury convicted Manijo of Assault in the Second Degree in violation of Hawaii Revised Statutes § 707-711 (Supp. 2007), relating to the June 22, 2007, stabbing of Sheamon Tamasaki ("Sky"). As a repeat offender, Manijo was sentenced to five years of incarceration, with a mandatory minimum sentence of one year and eight months, and restitution.

On appeal, Manijo contends that, "[t]here was no substantial evidence to support Manijo's conviction where there was no credible evidence of sufficient quality and probative value that he had stabbed Sky."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Manijo's point of error as follows:

In determining whether substantial evidence exists to support a conviction, we view the facts of this case "in the strongest light for the prosecution." State v. Mitchell, 94

---

[1/]    The Honorable Richard K. Perkins presided.

Hawai'i 388, 393, 15 P.3d 314, 319 (App. 2000) (quoting *State v. Pone*, 78 Hawai'i 262, 265, 892 P.2d 455, 458 (1995) (internal quotation marks omitted)).

> Substantial evidence is "evidence which a reasonable mind might accept as adequate to support the conclusion of the fact[-]finder." Matters related to the credibility of witnesses and the weight to be given to the evidence are generally left to the fact[-]finder. The appellate court will neither reconcile conflicting evidence nor interfere with the decision of the trier of fact based on the witnesses' credibility or the weight of the evidence.

*Id.* (citations omitted).

To secure a conviction of Assault in the Second Degree, the State needed to prove that Manijo intentionally or knowingly caused substantial bodily injury to Sky or caused bodily injury to Sky with a dangerous instrument. Haw. Rev. Stat. § 707-711. The jury was presented with sufficient evidence to establish that Manijo committed the offense of Assault in the Second Degree when he stabbed Sky in the rib area with a pocket knife.

Manijo contends that "Sky's testimony was at best inconsistent and unbelievable." The jury, however, implicitly credited Sky's account of Manijo's actions over those of Manijo and his alleged accomplices. As witness credibility and inconsistent testimony are matters for the fact-finder, it cannot be said that there was insufficient evidence to support Manijo's conviction.

Therefore, the January 7, 2009 Judgment of Conviction and Sentence entered in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, June 23, 2010.

On the briefs:

Dean K. Young,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

2